## BOARDMAN & BREWSTER v. STEWART.

A creditor to an absconding debtor may not join several agents, factors and debtors in one *scire facias*.

A judgment must be on plea, default or *nihil dicit*.

ERROR to reverse a judgment of the County Court on a *scire facias*, brought by said Stewart v. David Boardman and Jonathan Brewster; declaring, that he brought an action against Jonathan Boardman, an absent absconding debtor, and left copies with said David and said Brewster, agents, factors, attorneys, and debtors to said Jonathan Boardman; that he recovered judgment against said Jonathan Boardman, took out execution which had been returned *non est inventus;* and that said David and said Brewster, were agents, factors, etc. and had the effects of said Jonathan in their hands, when said copies were left as aforesaid; praying for remedy against them, etc.

Said David plead — That he never was agent, factor, attorney, or debtor to said Jonathan Boardman, nor had any

of his effects in his hands; on which plea the plaintiff joined issue, and the court found that he was agent, factor, attorney and debtor to said Jonathan Boardman, and gave judgment for the plaintiff to recover; and judgment was entered against said Brewster without any plea or default, and not upon *nihil dicit*.

Common errors assigned.

. Judgment — Manifest error. Two men or more may be agents, factors, attorneys, and debtors to another, jointly or separately; if separately, they may all be copied, but not joined in one *scire facias*.

In this case it doth not appear that they were joint agents, attorneys, or debtors; the judgment may therefore operate very injuriously, unless the court make up several judgments upon one *scire facias*. Further it doth not appear that judgment was rendered against said Brewster, in any legal way or manner.